CITY OF LAKEWOOD, Appellee,

v.

TOWN, Appellant.*

[Cite as *Lakewood v. Town* (1995), 106 Ohio App.3d 521.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68345.

Decided Sept. 25, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 75 Ohio St.3d 1404, 661 N.E.2d 754.

*Timothy J. Gauntner,* Lakewood Prosecutor, for appellee.

*John J. Sheehan,* for appellant.

---

PATRICIA ANN BLACKMON, Judge.

Defendant-appellant Wayne Henry Town, Jr. appeals his conviction for domestic violence and assigns the following errors for our review:

"I. The defendant was denied the effective assistance of counsel at trial by the acts and omissions of his attorney which were so serious as to deprive the defendant of a fair trial.

"II. The trial court committed prejudicial error when it questioned the jurors about a currently well-publicized case in a manner which biased the jurors on the

topic at issue and [by] failing to issue a curative instruction sufficient to negate the caused bias.

"III. The jury verdict was not sustained by the evidence as the prosecutor had not met the burden of proof for all elements of the offense; the jury drew one inference upon another inference in order to arrive at a verdict of guilty."

Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm the judgment of the trial court. The apposite facts follow.

Appellant argued with his wife Susan and called her names. Susan believed that he had been drinking because his behavior was consistent with past alcohol abuse. To defuse the argument, Susan apologized, but appellant persisted. Ultimately, his daughter started to cry, and he picked her up and took her upstairs. After following him upstairs, Susan took the child from him.

Susan attempted to give the child a bath, but appellant ordered her away from the child. Susan attempted to leave the bathroom, and appellant grabbed her head, picked her up, and shoved her backwards against the wall. He shoved her against the sink, attempted to bang her head against the wall, picked her up by her hair and twisted her around. Susan attempted to free herself, but appellant threw her onto the floor and repeatedly banged her head against it.

When Susan saw their daughter's reaction, she said to appellant, "Please stop, look what you're doing to your daughter, look at Dayton." Their daughter was still in the bathtub and was hysterical after watching the whole incident; she was screaming, crying, and holding her hands up. Susan somehow got away from appellant, ran downstairs, telephoned 911, and waited outside for the police to arrive.

When the police arrived, they smelled a strong odor of alcohol on appellant's breath and noted his speech was slurred. Appellant was arrested and charged with domestic violence. Susan sustained injuries to her head, including two visible marks to her forehead, which were photographed by the Lakewood Police. When appellant was taken into custody, he claimed that Susan had started the physical altercation, and that he had injured his back. The police looked at appellant and found no visible marks on his body except for minor bruises on his wrists from the handcuffs used when he was arrested.

Appellant was charged with domestic violence, the case proceeded to a trial by jury, and the jury returned a verdict of guilty. He was sentenced to one hundred days in jail and a $1,000 fine, ninety days of the jail term and $750 of the fine was suspended, and he was placed on two years' active probation. Execution of the sentence was stayed pending appeal, and this appeal followed.

■ In the interest of clarity, we will be addressing the second assignment of error first. In his second assignment of error, appellant argues that the trial court committed prejudicial error and biased the jury when it questioned prospective jurors about the highly publicized O.J. Simpson trial. During the jury selection process, the trial judge posed the following questions to the jury venire and to several prospective jurors individually:

"There's been a lot of talk in the media, in fact, you can't pick up a newspaper or magazine or turn on the television without hearing something about O.J. Simpson, it's probably an understatement to say that we've been inundated and within the last two months domestic violence has been on the headlines. This is a domestic violence case. Have you followed anything in the O.J. Simpson case?

" * * *

"All right. There's an old adage, a little knowledge is a dangerous thing. You, obviously, with the preliminary hearing and things like that and legal terms and rulings and things like that were bandied about. Any problem with ignoring what you may have picked up through the media and then listening to the jury instructions and the law that I would give to you at the end?"

■ "The scope of voir dire [for prospective jurors] is within the trial court's discretion and varies depending on the circumstances of each case. Any limits placed thereon must be reasonable." *State v. Bedford* (1988), 39 Ohio St.3d 122, 129, 529 N.E.2d 913, 920. The purpose of questioning prospective jurors is to determine whether they can render a fair and impartial verdict. See *State v. Duerr* (1982), 8 Ohio App.3d 404, 8 OBR 526, 457 N.E.2d 843. Where it is possible that media publicity could prejudice a jury, a careful voir dire is the best test to determine whether a jury can be fair and impartial. See *State v. Bayless* (1976), 48 Ohio St.2d 73, 98, 2 O.O.3d 249, 262–63, 357 N.E.2d 1035, 1051–1052.

In this case, the trial court's question about the O.J. Simpson trial was narrowly tailored to the goal of determining whether the constant media attention given to the Simpson trial or the issue of domestic violence would prejudice the jury. In view of the constant attention the Simpson trial has been given in the media in the past year, it was reasonable for the trial judge to question the prospective jurors about that case to determine whether they could be fair and impartial. Thus, the trial court's comments about the Simpson trial were not prejudicial, and the trial court did not abuse its discretion. Accordingly, this assignment of error has no merit.

■■ In his first assignment of error, Town argues that he was denied effective assistance of counsel. The standard of review for ineffective assistance of counsel requires a two-part test and is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See, also, *State v. Bradley*

(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland* at 687–688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The defendant must also prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

Appellant argues that defense counsel's failure to object to the references made by the trial judge regarding the O.J. Simpson trial was ineffective assistance of counsel. Because this court finds that the trial court did not abuse its discretion in questioning prospective jurors about the O.J. Simpson trial, this argument has no merit.

■■ Appellant's remaining arguments with respect to ineffective assistance of counsel clearly call into question defense counsel's trial tactics. In reviewing defense counsel's trial tactics, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–695.

■ Appellant argues that defense counsel was ineffective because he failed to exercise peremptory challenges to excuse prospective jurors who were familiar with the judge and the legal community. Where the voir dire of prospective jurors reveals that they could be fair and impartial, peremptory challenges need not be exercised. *State v. Buchanan* (Feb. 14, 1992), Union App. No. 14–91–14, unreported, 1992 WL 29247. The decision not to exercise peremptory challenges falls within the realm of reasonable trial strategy. *Id.* In this case, there was no indication that certain jurors' familiarity with the judge and legal system inhibited their ability to be fair and impartial. Therefore, it was sound trial strategy not to exercise appellant's peremptory challenges. Accordingly, we find defense counsel's decision not to exercise his peremptory challenges did not deprive appellant of effective assistance of counsel.

■ Appellant next argues that defense counsel made disparaging remarks that were prejudicial to his defense. He specifically cites the following remarks from the voir dire of the prospective jurors and closing argument, respectively:

" * * * That you harbor a suspicion and a perhaps a natural feeling that well, if he wasn't guilty of something, he did something wrong, he wouldn't of been charged and be here in a jury trial. Now, that may be a natural feeling that just because a guy or a woman is on trial, he must have done something cause the police wouldn't waste their time or Court wouldn't—

"I submit that being drunk around your child is wrong, arguing with your wife, using profanity might be wrong. [If you harbor reasonable doubt as to the guilt of Mr. Town, you must find in favor of Mr. Town.] We're not asking you to pin a medal on him or give him the Kiwani of the Year award, or Father of the year, we're confined to deciding [whether in fact he committed an act of domestic violence on March 30, 1994]. I submit to you, the City has failed to prove beyond a reasonable doubt what is alleged."

When defense counsel's remarks during jury selection are placed in their proper context, it is clear that they were designed to determine whether the jury would "hold the City to its burden of proof" and not make any assumptions about the defendant's guilt merely because he was charged with a crime. When defense counsel's remarks during closing argument are placed in their proper context, it is clear that they were designed to argue that, notwithstanding appellant's otherwise improper behavior, the city failed to prove that he was guilty of domestic violence beyond a reasonable doubt. By taking defense counsel's remarks out of their proper context, appellant skews their meaning; when placed in their proper context, defense counsel's remarks at trial clearly fall within the wide range of sound trial strategy. Accordingly, defense counsel's remarks did not deprive Town of effective assistance of counsel.

Appellant also argues that defense counsel failed to adequately prepare defense witnesses. "Decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics." *State v. Hunt* (1984), 20 Ohio App.3d 310, 312, 20 OBR 411, 413, 486 N.E.2d 108, 110. Absent a showing of prejudice, the failure to call or question witnesses does not deny a defendant effective assistance of counsel. See *id.* at syllabus. In this case, appellant failed to demonstrate that he was prejudiced by defense counsel's decision not to call him as a witness in his own defense, or by defense counsel's failure to pursue further cross-examination of the victim. Accordingly, defense counsel's questioning of witnesses and the failure to call appellant as a witness did not deprive appellant of effective assistance of counsel.

Finally, appellant argues that the cumulative effect of defense counsel's actions deprived him of effective assistance of counsel. After a careful review of the entire transcript, we find that the representation given to appellant at trial did not fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Accordingly, he was not denied effective assistance of counsel, and this assignment of error has no merit.

In his third assignment of error, appellant argues that the jury verdict was not supported by sufficient evidence establishing the elements of domestic violence beyond a reasonable doubt. The test for sufficiency of the

evidence is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573.

Appellant was charged with domestic violence under Lakewood Codified Ordinance 537.14. It provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Susan Town testified that her husband, appellant, pulled her up by her hair, slammed her into a wall, and repeatedly banged her head into the floor. Notwithstanding the photographs of her injuries and the testimony of Lakewood Police officers, her testimony alone is sufficient evidence to prove the elements of domestic violence beyond a reasonable doubt. Accordingly, this assignment of error has no merit.

The judgment is affirmed.

*Judgment affirmed.*

HARPER and DYKE, JJ., concur.