JOURNAL ENTRY and OPINION
Appellant Daniel Elmore appeals the decision of the trial court convicting him of possession of drugs and sentencing him accordingly. Elmore assigns the following three errors for our review:
 I. DEFENDANT WAS DENIED A FAIR AND JUST TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE PROSECUTOR FAILED TO ESTABLISH ALL THE ELEMENTS OF THE CRIME FOR PURPOSES OF CONVICTION AND THE ARREST WAS NOT BASED ON REASONABLE SUSPICION.
 II. DEFENDANT'S RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN HE WAS IMPROPERLY DENIED A CRIM.R. 29 ACQUITTAL WHEN HIS CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 III. DEFENDANT WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On December 18, 1997, three Cleveland police officers patrolled the area of E. 149th and Spear Avenue searching for illegal drug activity. As the officers drove south on E. 149th Street, they noticed a black Oldsmobile Ninety Eight parked about three feet from the curb on the opposite side of the street. The officers saw two men leaning into the passenger side of the car. As the patrol car approached, the Oldsmobile sped off. One of the men who had been leaning into the Oldsmobile, appellant Daniel Elmore, quickly pulled his right arm down to his side and clenched his right fist against the side of his leg. He then began walking down the sidewalk. The officers became suspicious that Elmore might be concealing something is his hand as he walked down the sidewalk, swinging only his left arm while keeping his right arm down to his side.
Officer Guy Sako pulled the zone car in front of Elmore as he walked down the sidewalk. As Officer Sako, his partner Norman Saborski, and a third officer, Philip Habib, exited their patrol car, they saw Elmore toss a plastic bag behind him using his right hand. The officers watched as the bag went up in the air to about head level, then fell to the ground in a nearby treelawn.
The officers stopped Elmore and conducted a patdown search of his person; they also searched the other male. The officers then retrieved the plastic bag, which contained sixteen rocks of crack cocaine totaling 8.22 grams in weight. They arrested Elmore and after a warrant check on the other male proved negative, they released him.
Appellee State of Ohio charged Elmore with possession of drugs, a third degree felony. At trial, Officers Sako and Saborski testified that they saw Elmore toss the plastic bag. In response to questions by the defense, the officers said Elmore appeared to be six feet from where they observed him toss the plastic bag, and the area was well illuminated by both the streetlights and the headlights of their patrol car. Both officers also testified as to their extensive experience with drug arrests.
Elmore testified in his own defense and denied that he ever possessed any cocaine on the night in question. On cross examination, he admitted that he had five prior convictions for drug abuse. The jury found him guilty of drug possession, and the court sentenced him to twelve months in prison; this appeal followed.
In his first assignment of error, Elmore challenges the officers' decision to arrest him. However, because his argument in support of this assignment of error focuses on the officers' decision to stop him, we will focus our review on the propriety of the initial stop. When reviewing an officer's decision to conduct an investigatory stop, the standard is whether the officer had a "reasonable, articulable suspicion of criminal activity." State v. Shepherd (1997), 122 Ohio App.3d 358, 364, citing Terry v. Ohio (1968), 392 U.S. 1, 30, 88 S.Ct. 1868,1884-1885, 20 L.Ed.2d 889, 911; State v. Amburgy (1997),122 Ohio App.3d 277, 280, appeal dismissed (1997),80 Ohio St.3d 1465. Reasonable suspicion is "a particularized and objective basis for suspecting the person stopped of criminal activity." Amburgy at 280. It must be "something more than an inchoate or unparticularized suspicion or `hunch,' but less than the level of suspicion required for probable cause." Shepherd at 364, citing State v. Osborne
(December 13, 1995), Montgomery App. No. 15151, unreported.
When determining whether an investigative stop was reasonable, we must look at the totality of the circumstances. State v. Earle
(1997), 120 Ohio App.3d 457, 465, appeal dismissed (1997),80 Ohio St.3d 1475, citing State v. Freeman (1980), 64 Ohio St.2d 291,295, certiorari denied (1981), 454 U.S. 822; State v. Loza
(1994), 71 Ohio St.3d 61, 71, certiorari denied (1995),514 U.S. 1120, 115 S.Ct. 1983, 131 L.Ed.2d 871; Shepherd at 365; Amburgy
at 281. Relevant factors include the area's reputation as a high-crime area, the time of day, and suspicious behavior by the person stopped. Earle at 465.
In this case, the officers were patrolling an area known for drug activity. At 2:30 a.m., they saw Elmore leaning into a parked car — an action the officers recognized as a common method for conducting drug transactions. The driver of the car quickly drove away as officers approached. Thereafter, the officers watched as Elmore looked in their direction, then walked away quickly, holding his clenched fist against his leg as he walked. This action led the experienced officers to believe that Elmore was trying to conceal evidence of drug activity. Under the circumstances, we conclude that the officers had reasonable suspicion that Elmore was in possession of drugs. The officers' decision to stop Elmore was proper.
Elmore also challenges the sufficiency of the evidence in support of his conviction for drug possession. In his second assignment of error, Elmore argues the trial court improperly denied his Crim.R. 29 motion for acquittal. Ohio courts have held that the test for reviewing a Crim.R. 29 motion for acquittal and for reviewing the sufficiency of evidence in support of a conviction are the same. State v. Thompson (May 4, 1998), Cuyahoga App. No. 72044, unreported, review denied (1998),83 Ohio St.3d 1451. Consequently, we will address the remainder of his first assignment of error and his second assignment of error together.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259 at paragraph two of the syllabus.
Elmore was charged with possession of drugs. R.C. 2925.11
provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.01 (K) defines possession as "having control over a thing or substance." The police officers saw Elmore clenching his right hand as they approached. Elmore used his right hand to toss a plastic bag containing sixteen rocks of crack cocaine onto the ground. This evidence was sufficient to establish that Elmore had control over the bag of cocaine. Elmore's first and second assignments of error are overruled.
In his third assignment of error, Elmore argues the ineffective assistance of his trial counsel denied him a fair trial. Specifically, he challenges trial counsel's failure to remove jurors who were related to police officers, his failure to ascertain the identity of the other man stopped by police during the incident, and his failure to question the officers' ability to accurately observe him during the incident.
In order to show ineffective assistance of counsel, the defendant must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by theSixth Amendment. Second, the defendant must show that counsel's errors deprived the defendant of a fair trial. State v. Davis
(1991), 62 Ohio St.3d 326, 350, certiorari dismissed (1992),506 U.S. 803, 113 S.Ct. 302, 121 L.Ed.2d 6, citing Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d, 674, 693.
Elmore objects to trial counsel's failure to challenge several potential jurors who were related to police officers, including Mr. Devitto, whose sister-in-law is a police officer. Elmore claims that Devitto characterized his sister-in-law as "almost a perfect person." Our review of the transcript reveals Devitto also said that his sister-in-law has the same frailties and acts the same way as other people. Furthermore, the prospective jurors all stated that they could be fair and impartial to both sides.
 Where the voir dire of prospective jurors reveals that they could be fair and impartial, peremptory challenges need not be exercised. State v. Buchanan
(Feb. 14, 1992), Union App. No. 14-91-14, unreported. The decision not to exercise peremptory challenges falls within the realm of reasonable trial strategy. Id.
Lakewood v. Town (1995), 106 Ohio App.3d 521, 526, appeal dismissed (1996), 75 Ohio St.3d 1404.
We conclude that trial counsel's decision not to use his peremptory challenges was reasonable trial strategy. Elmore has made no showing that trial counsel's decision not to challenge the jurors affected the outcome of his trial and, therefore, has failed to demonstrate the prejudice necessary to support his ineffective assistance of counsel claim. See State v. Gowdy (June 26, 1998), Hamilton App. No. C-970359, unreported, review granted (1999), 85 Ohio St.3d 1445. See also State v. Davis (1991),62 Ohio St.3d 326, 350 (counsel's failure to exercise peremptory challenges was not ineffective assistance where jurors indicated they could put their personal feelings aside and judge the case on the merits.)
Elmore also challenges trial counsel's failure to ascertain the identity of the other man stopped by police during the incident, his failure to question the officers' ability to accurately observe him during the incident, and his failure to challenge the chain of custody of the drugs. However, he makes no claim that the outcome of his trial would have been different if not for these alleged errors. Without such a showing, his ineffective assistance of counsel claim must fail. See State v. Bey (1999),85 Ohio St.3d 487, 504; State v. Mason (1998), 82 Ohio St.3d 144,157, certiorari denied (1998), ___ U.S. ___, 119 S.Ct. 624,142 L.Ed.2d 562; State v. Dillon (1995), 74 Ohio St.3d 166, 171. Elmore's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and PATTON, J., CONCUR.
 ___________________________________ PATRICIA ANN BLACKMON JUDGE