This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant- Appellant, Peter Kowalsky (hereinafter "Kowalsky"), appeals the trial court's decision which revoked his community control sanctions. The issue before us is whether Kowalsky received ineffective assistance of counsel. Because we conclude the record does not support Kowalsky's claims of deficient performance and prejudice, we affirm the trial court's decision.
On October 7, 1999, the Monroe County Grand Jury returned an indictment charging Kowalsky with three counts: 1) breaking and entering, a felony of the fourth degree; 2) theft, a misdemeanor of the first degree; and, 3) theft, a felony of the fifth degree. After initially pleading not guilty to these counts, on April 24, 2000, Kowalsky entered a guilty plea on two charges of breaking and entering in violation of R.C. 2911.13, felonies of the fifth degree. That same day, the trial court entered its judgment wherein it accepted Kowalsky's guilty plea and sentenced him to two terms of imprisonment of twelve months each and ordered those terms be served concurrently. The trial court also ordered Kowalsky be placed on community control sanctions and ordered restitution.
On June 29, 2000, Kowalsky filed a motion for judicial release pursuant to R.C. 2929.20(B)(1). The trial court heard the motion on July 10, 2000, and found Kowalsky to be amenable to community control sanctions. Therefore, the trial court ordered Kowalsky be placed on community control sanctions for three years with the additional condition that he obtain and maintain gainful employment and keep the probation officer advised of his current address.
On April 12, 2001, the State filed a motion to revoke Kowalsky's community control based on nine alleged violations of his community control sanctions. The trial court held a preliminary hearing on the matter and appointed counsel to represent Kowalsky. On May 1, 2001, the trial court heard the State's motion and, on May 2, 2001, the trial court granted that motion and ordered Kowalsky serve two terms of imprisonment of twelve months each to be served concurrently. The trial court also ordered Kowalsky pay restitution and be placed on three years of community control sanctions. Kowalsky appealed from this judgment entry on May 25, 2001.
Kowalsky's sole assignment of error argues:
 "The Defendant-Appellant received ineffective assistance of counsel at his hearing on the State's motion to revoke community control sanctions."
To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98, 17 OBR 219,477 N.E.2d 1128. In order for a court to conclude counsel was ineffective, the defendant must overcome the presumption that, under the circumstances, the allegedly ineffective action might be considered sound trial strategy. Strickland at 698.
Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Hamblin (1988), 37 Ohio St.3d 153,524 N.E.2d 476. The defendant must demonstrate more than vague speculations of prejudice to show counsel was ineffective. State v. Otte
(1996), 74 Ohio St.3d 555, 565, 660 N.E.2d 711. To establish prejudice, a defendant must show there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. Strickland at 694. A reasonable possibility must be a probability sufficient to undermine confidence in the outcome of the case. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. Smith, supra.
Kowalsky claims his trial counsel was ineffective because he did not speak with his appointed counsel between the day counsel was appointed and the day the trial court heard the motion to revoke community control. He further complains his counsel did not present any testimony or evidence at the hearing even though Kowalsky wished to testify and present evidence, arguing this alleged deficiency in counsel's performance created prejudice because he was not allowed to put on any case.
A defendant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. State v. Brown (1988), 38 Ohio St.3d 305, 319,528 N.E.2d 523, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177,103 L.Ed.2d 239. Ohio courts have long recognized decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. See State v. Hunt (1984), 20 Ohio App.3d 310, 312, 20 OBR 411,486 N.E.2d 108; State v. Reese (1982), 8 Ohio App.3d 202, 8 OBR 273,456 N.E.2d 1253; see also Lakewood v. Town (1995), 106 Ohio App.3d 521,666 N.E.2d 599 (Calling defendant as a witness is within purview of defense counsel's trial tactics). "Courts are reluctant to find on direct appeal that an attorney has been ineffective for failing to call a witness, because it is difficult to show on direct appeal that a witness' testimony could have changed the outcome of the case." State v. Hector, 2nd Dist. No. 18653, 2002-Ohio-1200 at ¶ 27.
Kowalsky's statements in his brief about his failed attempts to contact counsel and his wish to testify on his own behalf cannot be considered as those allegedly deficient actions are de hors the record and more appropriate for post-conviction review than upon direct appeal. See In reCopley (Apr. 6, 2000), 5th Dist. No. 99CA-F-06-033. In this case, we may only decide whether trial counsel's decision not to present a case was deficient and whether that deficiency prejudiced Kowalsky. Kowalsky must demonstrate his counsel's failure to subpoena the witnesses he claims would have assisted his defense would have changed the result of the proceedings. State v. Coulter (1992), 75 Ohio App.3d 219, 230,598 N.E.2d 1324.
On direct appeal, Kowalsky cannot demonstrate what his testimony would have been, let alone how it would have changed the outcome of his case. The record is devoid of any hint of what Kowalsky would have testified to. Kowalsky is asking this court to speculate on what Kowalsky would have said and how that would have affected the trial court's judgment. This is the type of vague speculation which is insufficient to establish ineffective assistance of counsel. See Otte, supra; Bradley, supra. Accordingly, Kowalsky's assignment of error is meritless and the decision of the trial court is affirmed.
Vukovich, P.J., and Waite, J., concur.