DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a conviction for sexual battery, following a jury trial in the Wood County Court of Common Pleas. Because we conclude that the verdict was not against the manifest weight of the evidence and appellant was not denied effective assistance of counsel, we affirm.
 {¶ 2} Appellant is Dennis J. Sweetser. On August 16, 2001, appellant was at his Northwood home with his 15-year-old stepdaughter and one of the stepdaughter's friends. According to the testimony of both girls, at some point that afternoon, appellant offered to buy them alcoholic beverages. The two accepted the offer and appellant left the house, purchasing beer for himself, a fifth of vodka for his stepdaughter, and wine coolers for the friend.
 {¶ 3} For the next several hours, the three consumed the alcoholic beverages. By the stepdaughter's later account, she consumed nearly three quarters of the bottle of vodka and became ill. Appellant helped her as she regurgitated some of the alcohol, then assisted her to her basement bedroom.
 {¶ 4} According to the stepdaughter, she lay down and barely fell asleep when she was awakened by appellant's groping. The stepdaughter testified that appellant first touched her breasts, then moved his hands to her vagina, inserting a finger. The stepdaughter feigned sleep during this episode and only after appellant left the room did she get up. She insisted that no sexual intercourse occurred.
 {¶ 5} The stepdaughter and her friend eventually went to the friend's house. Upon hearing the stepdaughter's story, the friend's mother called the Northwood police. Several hours later, upon police instruction, the stepdaughter went to a hospital where a "rape kit" was collected.
 {¶ 6} Appellant was named in an indictment charging sexual battery and gross sexual imposition. The gross sexual imposition charge was eventually dismissed and the matter proceeded to a jury trial on the sexual battery charge.
 {¶ 7} At trial, the stepdaughter repeated her report of appellant's touching her with his hands, but denied any further sexual activity. The nurse who performed the rape kit and the attending physician at the hospital where the stepdaughter was examined both testified that their examination of the stepdaughter revealed physical evidence which was consistent with her report. On cross-examination, however, both witnesses conceded that the physical findings were also consistent with consensual intercourse. Moreover, the lab technician who tested the swabs taken from the stepdaughter reported the presence of semen, a substance normally deposited as a result of intercourse.
 {¶ 8} At the conclusion of the state's case, appellant moved for and was denied a Crim.R. 29 motion for a judgment of acquittal. Appellant then rested without submitting any evidence and the matter was submitted to the jury.
 {¶ 9} The jury had deliberated for nearly five hours when it informed the court that it had become hopelessly deadlocked. However, after an instruction from the court to continue deliberations, the jury found appellant guilty of sexual battery. The court accepted the verdict and sentenced appellant to a one year term of incarceration.
 {¶ 10} Appellant now brings this appeal, setting forth the following two assignments of error:
 {¶ 11} "I. The verdict of the jury was against the manifest weight of the evidence in that it was not proved beyond a reasonable doubt that appellant violated O.R.C. 2907.03(A)(5).
 {¶ 12} "II. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of the State of Ohio."
 I. Manifest Weight {¶ 13} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; Statev. Barns (1986), 25 Ohio St.3d 203.
 {¶ 14} In this matter, appellant does not contend that the evidence submitted was insufficient to support the conviction, but rather that the evidence was unbelievable. Specifically, appellant asserts that his stepdaughter's account of her encounter with appellant and her denial of other sexual activity for months prior to that encounter is inconsistent with the physical finding of semen in her rape kit. Therefore, appellant insists, his stepdaughter obviously lied and her testimony should not be believed.
 {¶ 15} "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find thegreater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis added.) Black's [Law Dictionary (6 ed. 1990)] at 1594.
 {¶ 16} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs,457 U.S. at 42, 102 S.Ct. at 2218, 72 L. Ed.2d at 661. See, also, State v.Martin (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. Rep. 215, 219,485 N.E.2d 717, 720-721 (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *.')" State v. Thompkins, supra, at 387.
 {¶ 17} Assuming as true appellant's assertion that his stepdaughter lied about her prior sexual activity, this does not mean that all of her testimony was false. While a defendant can certainly argue to the trier of fact that one falsehood taints the believability of a witness's whole testimony, such is not a required conclusion. Jurors can pick and choose what they wish to believe. The jurors in this case chose to believe most of the stepdaughter's testimony. On review, we cannot say that in doing so the jury clearly lost its way or perpetrated a manifest miscarriage of justice. Accordingly, appellant's first assignment of error is not well-taken.
 II. Ineffective Assistance of Counsel {¶ 18} In his second assignment of error, appellant maintains that he was denied his Sixth Amendment right to effective assistance of counsel. According to appellant, counsel's performance was deficient in not presenting a defense to the jury and by failing to object to spurious and erroneous prosecutorial comments made during the sentencing hearing.
 {¶ 19} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."Strickland v. Washington (1984), 466 U.S. 668, 687. Accord State v.Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 20} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v.Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v. Lott (1990),51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
 {¶ 21} Appellant's chief complaint about the defense resting at the conclusion of the state's case is that counsel could have called appellant to testify in his own defense, thereby rebutting the questionable testimony offered by his stepdaughter. Appellant asserts that he did not have an extensive criminal record and was not repugnant in appearance or manner, so the factors which might militate against him testifying on his own behalf were not present. Had the jury been presented with such a denial, appellant insists, the result of its deliberation would have likely been different.
 {¶ 22} The decision whether or not to call a witness or any witnesses falls within the purview of trial tactics. State v. Adkins
(2001), 144 Ohio App.3d 633, 646; Lakewood v. Town (1995),106 Ohio App.3d 521, 527; State v. Hunt (1984), 20 Ohio App.3d 310, 312;State v. Coulverson, 10th Dist. No. 01AP893, 2002-Ohio-1324, ¶ 35. Tactics which might be considered sound trial strategy are presumed effective. Strickland v. Washington, supra, at 687. Consequently, we cannot conclude that the trial counsel's failure to call appellant as a witness at trial constituted deficient performance.
 {¶ 23} With respect to the trial counsel's failure to object to erroneous prosecutorial assertions during the sentencing hearing, this occurred before the court, without a jury. The court is presumed to have taken into account only that evidence properly before it. State v. Wiley
(Dec. 23, 1999), Lucas App. No. L-98-1212. Consequently, defense counsel's failure to object to any erroneous statements made by the prosecutor at the sentencing hearing is not prejudicial. Therefore, appellant was not denied effective assistance of counsel.
 {¶ 24} Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Richard W. Knepper, J., Judith Ann Lanzinger, J. and Arlene Singer,J., CONCUR.