CITY OF COLUMBUS, Appellee,

v.

HAMILTON, Appellant.

[Cite as *Columbus v. Hamilton* (1992), 78 Ohio App.3d 653.]

Court of Appeals of Ohio,
Franklin County.

Nos. 92AP–410, 92AP–411 and 92AP–412.

Decided Sept. 24, 1992.

*Ronald J. O'Brien,* City Attorney, *Marcee C. McCreary,* City Prosecutor and *Brenda J. Keltner,* Assistant City Prosecutor, for appellee.

*James Kura,* Franklin County Public Defender, and *John W. Keeling,* Assistant Public Defender, for appellant.

BOWMAN, Judge.

Defendant-appellant, Darrold Hamilton, appeals his jury conviction on one count of assault and one count of disorderly conduct in violation of Columbus City Code 2303.01 and 2317.01(A)(1), respectively. Appellant was fined $250 plus costs and sentenced to one hundred and eighty days incarceration on the assault charge, with all but thirty days suspended. In addition, appellant received a concurrent sentence of thirty days incarceration on the disorderly conduct charge.

On October 22, 1991, appellant approached an ambulance occupied by paramedics Keith Kumler and Brian Roy, and Columbus Police Officer Kevin Wheeler, near the Raintree Cinema on Cleveland Avenue. Appellant had been injured and was bleeding profusely from the head. Bandaging appellant's

head and securing his neck and head to a back board, the paramedics placed him in the ambulance and proceeded to St. Ann's Hospital. While Roy drove, Kumler and Wheeler assisted appellant.

When Kumler placed an oxygen mask over appellant's face, appellant resisted and attempted to remove the mask. In doing so, he grabbed and twisted Kumler's hand. Kumler testified that, while this was going on, appellant appeared agitated and made statements, such as: "You were the ones that did it to me." Realizing the danger to Kumler, Officer Wheeler handcuffed appellant in an effort to restrain him. As a result of appellant's actions, a ligament in Kumler's little finger was hyperextended, causing him to miss several days of work.

Appellant was charged with assault and disorderly conduct in connection with Kumler's injury, and also charged with a second count of assault in connection with a prior altercation at the movie theater. The matter proceeded to trial, with the second assault count being dismissed after the prosecution was unable to produce witnesses of the incident. The trial court denied motions for mistrial and acquittal, and the jury entered a verdict of guilty on the remaining two charges.

Prior to *voir dire,* appellant's attorney moved to dismiss the assault charge filed in connection with an altercation at the movie theater on the basis that no witnesses had appeared. The trial court overruled the motion for the reason that the complaint had been filed by the Columbus police officer and it might not be necessary to have the victim of the assault present if someone else witnessed the crime.

Appellant now raises one assignment of error:

"The trial court erred when it overruled the defendant's motion for a mistrial after the city presented prejudicial allegations to the jury not susceptible of proof but intended to influence the jury in reaching a verdict."

Prior to opening statements, the following references were made during *voir dire* as to the assault at the movie theater:

"The case that you are sitting here today on involves, as the Judge mentioned, an assault; actually two assaults, two charges of assault and a charge of disorderly conduct.

"Briefly, the facts of the case involve—or it is alleged that the defendant assaulted an individual of [*sic*] a movie theater. And it is also alleged that he assaulted a paramedic as the paramedic was trying to treat him en route to the hospital. It is also alleged that the defendant was unruly in the ambulance en route to the hospital and was asked numerous times by a Columbus

Police officer to calm down, to cease and desist his unruly conduct, to which he refused."

Prior to commencing opening statements, the following comments were made:

"[THE COURT:] Ladies and gentlemen, we'll now proceed with the opening statements of counsel. What these lawyers tell you is not evidence. It is just their impression of what they believe the evidence will show you later on. It is kind of a road map to help you follow the evidence as it is presented.

"The prosecution may proceed.

"MS. VAN SICKLER: Thank you, Your Honor. We are going to make this case a little bit easier for you. I mentioned that there were two assaults involved and a disorderly conduct, three charges against the defendant. And we have been trying to locate witnesses for the first assault, the first assault in time, which happened at Raintree Cinema. We have been unable to locate the witness and so we'll not be presenting evidence on this charge.

"So instead, we will be focusing on the second assault and the disorderly conduct."

Defense counsel asked to approach the bench and moved for a mistrial. During a conference out of hearing of the jury, the prosecutor informed the court that the victim of the assault at the movie theater had moved out of state and the manager of the theater was no longer employed there. No explanation was offered as to why such information was not available prior to *voir dire* which had occurred just moments before opening statements commenced. The jury was then instructed as follows:

"THE COURT: Ladies and gentlemen, the remarks of the prosecutor that you just heard, you are instructed now to disregard. That would have been more appropriate coming to you from the bench. And you are instructed to disregard any of the facts relating to the alleged first assault that she may have alluded to during her last statement. That case will not be presented to you because the witness has moved away and they are unable to go forward with it. So you should disregard anything that you know about it up until this point. That's not in evidence. Okay. So do your best to pretend like you never heard that. * * *"

██  In order for the denial of a mistrial to constitute reversible error, it must be found that prosecutorial misconduct in fact occurred and that, as a result, the accused suffered material prejudice. *State v. Jenks* (1991), 61 Ohio St.3d 259, 281, 574 N.E.2d 492, 508; *State v. Sage* (1987), 31 Ohio St.3d 173, 182, 31 OBR 375, 382, 510 N.E.2d 343, 349. Thus, even where there is prosecutorial misconduct, we may not reverse the decision of the trier of fact

unless the accused has been deprived of a right to a fair trial. *State v. Maurer* (1984), 15 Ohio St.3d 239, 266, 15 OBR 379, 402, 473 N.E.2d 768, 792. In addition, there can be no prejudice where the remaining evidence of guilt is so overwhelming that the outcome of the case would have been the same regardless of evidence admitted erroneously. *State v. Williams* (1988), 38 Ohio St.3d 346, 349, 528 N.E.2d 910, 915.

Regarding allegations of prosecutorial misconduct arising out of opening statements, the Ohio Supreme Court has held that:

"Counsel should be accorded latitude by the trial court in making his opening statement, but when he deliberately attempts to influence and sway the jury by a recital of matters foreign to the case, which matters he knows or ought to know cannot be shown by competent or admissible evidence, or when he makes a statement through accident, inadvertence or misconception which is improper and patently harmful to the opposing side, it may constitute the basis for ordering a new trial or for the reversal by a reviewing court of a judgment favorable to the party represented by such counsel." *Maggio v. Cleveland* (1949), 151 Ohio St. 136, 38 O.O. 578, 84 N.E.2d 912, paragraph two of the syllabus.

■ Likewise, a prosecutor should not be permitted to make reference during *voir dire* to charges he or she will be unable to prove.

■ Although we agree with the trial court that the prosecutor's comments regarding the additional assault charge were improper, we disagree with the court's conclusion that no prejudice resulted from the comments. Although "[a] presumption always exists that the jury has followed the instructions given to it by the trial court," *Pang v. Minch* (1990), 53 Ohio St.3d 186, 195, 559 N.E.2d 1313, 1321, so that the trial court's admonishment might have cured any possible harm done by the prosecutor's comments during opening statement, this was not the only reference to the ultimately dismissed assault charge, as it had been referred to in *voir dire*.

The city was not permitted to argue the merits of its case during *voir dire*. *Columbus v. Andrews* (Feb. 27, 1992), Franklin App. No. 91AP–590, unreported, 1992 WL 41243. Neither could the city describe facts comprising a charge it did not pursue.

The transcript in the case at bar indicates the prosecution went beyond the scope of *voir dire* by describing facts comprising the second, dismissed, assault charge. It is inexplicable that, at the time of *voir dire*, the prosecutor could not have been aware of her inability to pursue the assault charge that occurred at the movie theater when the lack of witnesses was apparent at the commencement of opening statements, which occurred following a brief ten-

minute recess. As stated in EC 7–13 to Canon 7 of the Code of Professional Responsibility:

"The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict. This special duty exists because: (1) the prosecutor represents the sovereign and therefore should use restraint in the discretionary exercise of governmental powers, such as in the selection of cases to prosecute * * *."

We conclude that the reference in both the *voir dire* and the opening statement to a charge that was later dismissed and should have been dismissed before *voir dire* even began interfered with appellant's right to a fair trial and rendered the resulting conviction suspect.

Given the marginal evidence that appellant possessed the culpable mental states required for conviction of the charged offenses, the remaining evidence was not sufficient to overcome the impropriety of the prosecutorial misconduct, so that prejudice to appellant resulted.

We thus sustain appellant's assignment of error and reverse the judgments of the trial court. These causes are remanded for further proceedings in accordance with this opinion.

*Judgments reversed*
*and causes remanded.*

WHITESIDE and PEGGY BRYANT, JJ., concur.