**The STATE of Ohio, Appellee,**

v.

**LANE, Appellant.**

[Cite as *State v. Lane* (1997), 118 Ohio App.3d 230.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70588.

Decided Feb. 10, 1997.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Lynn Loritts,* Assistant Prosecuting Attorney, for appellee.

*Jean M. Gallagher,* Cuyahoga County Assistant Public Defender, for appellant.

PATTON, Judge.

A jury found defendant John Lane guilty of one count of aggravated robbery and two counts of felonious assault. The principal issue in this appeal concerns

defendant's contention that the state engaged in misconduct during its closing argument when it improperly referred to defendant John Lane's admitted prior theft convictions. He maintains that Evid.R. 404(B)'s prohibition against introducing evidence of other crimes for the purpose of proving the character of a person in order to show that he acted in conformity therewith barred the state from mentioning his prior theft convictions when it referred to those convictions for no other purpose than to show guilt by past offenses.

At trial, the state showed that defendant and an accomplice robbed and shot Elizabeth Doskoch and Brett Gieroch in the parking lot of a check-cashing outlet. Defendant and his accomplice fled the scene before the police could arrive. The police later received an anonymous tip identifying defendant as one of the assailants. They were, at first, unsuccessful in their efforts to locate defendant. However, the police ultimately contacted a federal probation officer who managed to convey to defendant the message that police officers wanted to speak to him. Defendant then surrendered to the police. When shown a photo lineup, Doskoch immediately identified defendant as the person who shot her; Gieroch expressed some initial uncertainty, having selected two photographs (one of which depicted defendant). Gieroch did, however, positively identify defendant at trial.

Defendant testified and denied complicity with the charges, claiming that he had been at his house at the time of the robbery. During his testimony, he admitted to a federal conviction for theft and a state conviction for receiving stolen property.

I

A

Defendant's principal argument is that the state impermissibly referred to his prior convictions in closing argument. He cites the following statements:

"And let's talk just a little bit about stealing, about theft. Mr. Lane tried to make it sound from the witness stand as if, 'Oh, yes, I pled guilty in those other cases because I did them.'

"Theft, ladies and gentlemen. What was John Lane's intent on July the 19th, 1995? Theft. Circumstances. It's rightly charged as robbery. Because this time when he tried to steal something that didn't belong to him—

"MR. WEBSTER: Objection.

"MS. LORRITS: He took a gun—

"THE COURT: Overruled.

"MS. LORRITS: And in the course of trying to steal he shot two people."

Defendant complains that Evid.R. 404(B) limits use of his prior convictions to impeachment only and that the state used those convictions as a means of convincing the jury it could infer from his prior convictions that he had the character to commit the charged robbery.

Extrinsic acts may not generally be used to prove the inference that the accused acted in conformity with his other acts or that he has the propensity to act in that manner. *State v. Smith* (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190, 193–194. Evid.R. 404(B) permits "other acts" evidence for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

There is a fine line between the use of a prior conviction for impeachment purposes and the use of a prior conviction as other-acts evidence. Any time an accused testifies, the accused's prior conviction is admissible, unless the probative value of the evidence is outweighed by its prejudicial effect. See Evid.R. 609(A)(2). The Staff Note to Evid.R. 609 recognizes that impeachment of a criminal accused under Evid.R. 609(A)(2) may well lead a jury to misuse evidence of a prior conviction as evidence of propensity or general character in violation of Evid.R. 404. For this reason, the rule tends to restrict admissibility of prior convictions of an accused to a greater extent than that provided for other witnesses. *Id.* It follows that under either circumstance, impeachment or extrinsic evidence of prior acts, there may a question as to how to categorize the prior conviction. This decision naturally falls to the trial judge, and is reviewable for an abuse of that discretion. See *State v. Wright* (1990), 48 Ohio St.3d 5, 548 N.E.2d 923.

We find that the state did not cross this fine line. We believe that the state properly referred to the prior conviction in closing argument for impeachment, not as extrinsic evidence of propensity to commit the aggravated robbery. Nothing in the quoted portion of the closing argument can reasonably be construed as asking the jurors to make a direct comparison between the prior theft offense and aggravated robbery. In fact, the state pointedly noted the difference between the two acts, so there was no explicit call for the jury to use the prior convictions as substantive evidence.

On some level, we suppose that defendant might complain that any reference to the prior theft conviction in the closing argument would inevitably ask the jury to consider his past offense as establishing his propensity to commit the aggravated robbery. This is one of the dangers we alluded to previously. However, the context in which the state referred to the prior theft offense would have dispelled that notion from the minds of the jurors. Both immediately preceding and following the reference, the state asked the jurors to consider

defendant's credibility. Additionally, the trial court specifically charged the jury that it could consider the prior convictions only for purposes of assessing credibility and for no other reason. A jury is presumed to follow the instructions of the court. *State v. Loza* (1994), 71 Ohio St.3d 61, 75, 641 N.E.2d 1082, 1100.

Defendant's citation of our recent decision in *State v. Goins* (June 13, 1996), Cuyahoga App. No. ˙69534, unreported, is unavailing. In *Goins*, the state repeatedly referred to Goins's two prior convictions for aggravated burglary as proof that he committed the charged offense of breaking and entering. Goins perpetrated the prior offenses by kicking in the doors to houses. On cross-examination of Goins, the state mentioned the similarity between the offenses and noted Goins's "experience prior to this house as far as getting in a home through a door." *Id.* at 7. In closing argument, the state specifically asked the jury to compare Goins's method of entering the houses subject to his prior aggravated burglaries with the means he used in the charged offense. It further character-ized Goins as the kind of person who breaks into homes.

Obviously, the repeated references to prior convictions in *Goins* served no other purpose than to show that Goins "was a bad person" who acted in the same way. In that sense, the state offered the prior convictions as substantive evidence of the charged offense. In this case, the state did not offer the prior acts as substantive evidence, nor did it ask the jury to infer guilt in the later-charged offense. Consequently, we find no misconduct by the state.

█ Even if we were to find the state's fleeting reference to the prior theft offense impermissible, we nonetheless would find the error harmless beyond a reasonable doubt.

█ As a general proposition, the state is allowed some latitude or leeway in closing argument. *State v. Woodards* (1966), 6 Ohio St.2d 14, 26, 35 O.O.2d 8, 14–15, 215 N.E.2d 568, 577–578. For this reason, "the conduct of a prosecuting attorney during trial cannot be made a ground for error unless the conduct deprives defendant of a fair trial." *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400. We must "consider the effect the misconduct had on the jury in the context of the entire trial." *State v. Keenan* (1993), 66 Ohio St.3d 402, 410, 613 N.E.2d 203, 209.

The state presented compelling, consistent testimony which proved defendant's guilt. Both victims testified that Doskoch exited the check-cashing outlet with cash in hand and walked to her car, where Gieroch remained waiting in the passenger seat. Defendant's accomplice approached Doskoch, grabbed the mon-ey from her hand and demanded that she turn over her purse. Doskoch refused and struggled her way into the car. At the same time, defendant appeared in the passenger window and put˜ something against Gieroch's neck. Gieroch testified

that defendant opened the passenger door and forced his way into the back seat. As Doskoch continued to struggle with the accomplice, defendant pointed a gun at Doskoch and ordered her to surrender her purse. Gieroch grabbed the barrel of defendant's gun and two shots were fired, both striking Gieroch. Although injured, Gieroch exited the car and went to the driver's side door to assist Doskoch. He pulled the accomplice off Doskoch only to have defendant come up to the driver's window and shoot Doskoch.

At trial, both witnesses clearly identified defendant as the perpetrator. While Gieroch had expressed some initial uncertainty when shown the photo array following the offense, he nonetheless affirmatively identified defendant at trial. Doskoch expressed no uncertainty, having positively identified defendant in a photo array to such a degree that police detectives were willing to overlook Gieroch's initial indecision. Moreover, both victims testified consistently to all significant aspects of the robbery and felonious assault, including a description of the vehicle and defendant.

Defendant argues prejudice almost exclusively on grounds that both victims and a police detective gave somewhat inconsistent testimony as to the timing of the photo array. We believe that these are relatively minor inconsistencies in view of the positive identification made by Doskoch. Significantly, defendant did not file a motion to suppress the photo identification, so these minor inconsistencies were not fleshed out in a way that would give defendant's argument more substance. As it stands, the argument is so nuanced that it cannot, in our judgment, rise to the level of error sufficient to taint the entire proceedings.

## B

■ Defendant presents two other minor arguments relating to closing argument. First, he argues that the state engaged in insinuation when it questioned his testimony that he resigned his job because he "had some unrelated incidents that happened." The incident in question was a theft offense committed against the federal government. In closing argument, the state commented on defendant's credibility and, referring to defendant's testimony that he resigned his job, told the jury, "we all know you're not voluntarily leaving your job if you've been charged with and ultimately convicted of stealing from your employer."

We find nothing improper with this argument. On direct examination, defendant told the jury that he worked at the Federal Building in the city of Cleveland, recycling paper. He claimed that he resigned his job as a result of "difficulties." On cross-examination, defendant admitted that his difficulties were a conviction for grand theft in connection with the theft of computers from the Federal Building. By depicting his separation as a "resignation" during direct examina-

tion, defendant certainly glossed over a salient fact to the point where it affected his credibility, and the state had every right to note this to the jury.

Second, defendant complains that the state told the jury that the police detective contacted the federal probation officer to express interest in speaking to defendant about a "robbery and a shooting," when on direct examination, the detective testified that he spoke to the probation officer about "an incident." Defendant maintains that this amounted to an insinuation that misled the jury.

This characterization is not error. Clearly, the state did not tell the jury anything it did not already know from the evidence. Whether characterized as an "incident" or a "shooting and robbery," we presume the police detective sufficiently communicated to the federal probation officer the circumstances giving rise to his effort to locate defendant. The jury would obviously glean that from the testimony, so it would not have been misled. The first assignment of error is overruled.

## II

Defendant next argues that he was denied his right to effective assistance of counsel because counsel failed to object to the state's prejudicial argument and failed to request a limiting instruction.

In order to establish a claim of ineffective assistance of counsel, the burden is on the defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Johnson* (1986), 24 Ohio St.3d 87, 89, 24 OBR 282, 283–284, 494 N.E.2d 1061, 1063. We have found that none of defendant's complaints rise to the level of error, so it cannot be said that counsel performed deficiently. See *State v. Henderson* (1988), 39 Ohio St.3d 24, 33, 528 N.E.2d 1237, 1246–1247. Moreover, the trial court did instruct the jury that it should consider the prior conviction only for impeachment purposes and not as substantive evidence of guilt. Consequently, defendant did receive the instruction he claims that counsel failed to seek. The second assignment of error is overruled.

*Judgment affirmed.*

DYKE, P.J., and SPELLACY, J., concur.