The STATE of Ohio, Appellee,

v.

ADKINS, Appellant.

[Cite as *State v. Adkins* (2001), 144 Ohio App.3d 633.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA2000–06–121 and CA2000–12–259.

Decided July 16, 2001.

634

*Robin N. Piper,* Butler County Prosecuting Attorney, and *Megan E. Shanahan,* Assistant Prosecuting Attorney, for appellee.

*James T. Cooper,* for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Richard Adkins (a.k.a. Robert L. Adkins), appeals his conviction for domestic violence in the Butler County Court of Common Pleas. We affirm.

At approximately 8:30 on the evening of March 10, 2000, Denise Adkins, who had been married to appellant for fourteen years until the couple's divorce in April 1999, was preparing to go out. Denise had spoken to appellant earlier in the day, refusing his entreaties to accompany him to a bar called the Stoney

Ridge because she had other plans. Appellant called Denise a second time, again asking her to go out and telling her that he would take a cab to her home. Again, Denise refused, this time telling appellant not to come over.

As she got ready in the upstairs bathroom, Denise thought she heard knocking downstairs. When she went downstairs, Denise found appellant standing in her living room. Denise asked appellant to leave and told him that she did not want to go out with him. Appellant asked Denise if she was going out with her boyfriend and became upset when she answered that she was. Appellant began to yell at Denise because he wanted her to go out with him. When Denise again stated that she would not go out with appellant, he called her names and refused to leave the home.

Appellant then hit Denise in the face once or twice. When Denise began to hit appellant back, he grabbed her arms and threw her so that she landed on the ground. Appellant raised his hand as if to hit Denise, then told her to tell her boyfriend that appellant would be at the Stoney Ridge and that he could come see appellant there. Just then, the cab driver, who had been waiting outside for appellant, came to the door. Denise then tried to shove appellant out the door, but he put his foot between the door and the door frame and refused to be forced. Appellant then told Denise that he would leave of his own accord, and he did. Denise immediately called police.

Middletown police officer Kevin King came to Denise's residence. The officer found Denise crying and upset, with her clothing disheveled. Her face was very red, as if someone had recently struck her. After Denise reported the details of the incident, Officer King put out a bulletin to attempt to find the white taxicab in which appellant had left for the Stoney Ridge. Monroe Police Department officer Dave Chasteen heard the bulletin and observed the taxicab just as it turned into the Stoney Ridge. After verifying that appellant was the occupant of the cab, Officer Chasteen arrested him. Appellant was then placed in the custody of Officer King.

The state of Ohio indicted appellant for one count of domestic violence pursuant to R.C. 2919.25(A), but pursuant to subsection (D) of that statute, his crime was enhanced to a fifth-degree felony based on prior convictions for domestic violence. Appellant remained in jail until his jury trial on June 9, 2000. After the jury convicted appellant, the trial court sentenced him to serve one year in prison and fined him $2,500 plus court costs. Appellant now appeals his conviction and sentence.

Assignment of Error No. 1:

"The court erred in overruling defendant-appellant's motion to dismiss as defendant-appellant was not brought to trial within statutory and constitutional time limitations."

Appellant first claims that the state violated his right to a speedy trial because he was held in jail for ninety-one days before being tried. The state responds that the ninety-day "speedy trial" time period was tolled when appellant filed a motion *in limine* and when the trial court granted a continuance because Denise, the victim and a material witness, did not appear for appellant's first scheduled trial date on May 26, 2000.

Under R.C. 2945.71(C)(2), a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after the person's arrest. If the person is held in jail in lieu of bail on the pending charge, each day shall be counted as three days. R.C. 2945.71(E). Since appellant was held in jail from the time of his arrest on March 10, 2000, the state had ninety days within which to try him. Appellant remained in jail for ninety-one days until his trial on June 9, 2000.

The state contends that the period during which appellant must have been tried was extended. It claims that appellant's motion *in limine*, filed on May 23, 2000, and granted on June 7, 2000, tolled the ninety-day time period. Under R.C. 2945.72(E), the time within which an accused must be brought to trial may be extended by any period of delay necessitated by reason of a motion, proceeding, or action made or instituted by the accused. However, when a defendant files a motion, the speedy trial time is tolled only if the motion actually delays the proceedings. *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 4 O.O.3d 237, 240, 362 N.E.2d 1216, 1220.

While appellant did file a motion *in limine* to preclude the state from introducing evidence of several of his prior domestic violence convictions, the record does not show that appellant's motion occasioned any actual delay of his trial. The transcript of the hearing held on appellant's motion *in limine* on May 26, 2000, indicates that the delay of appellant's trial from that date until June 9, 2000, was instead occasioned by Denise's failure to appear at appellant's trial.

The trial court continued appellant's trial to June 9, 2000, because Denise, the victim and the state's primary witness, failed to appear after she was properly subpoenaed. R.C. 2945.71's time periods may be extended by any period of reasonable continuance granted other than upon the accused's own motion. R.C. 2945.72(H). A court has the discretion to extend trial dates beyond time prescriptions, as long as it does not abuse its discretion in doing so. *State v. Pate* (July 5, 1996), Portage App. No. 95–P–0021, unreported, 1996 WL 649145, at *3.

When a witness fails to appear, a court does not abuse its discretion by extending the trial date beyond a prescribed time period if the prosecutor has used "due diligence" to ensure the attendance of the witness. *State v. Reeser* (1980), 63 Ohio St.2d 189, 17 O.O.3d 117, 407 N.E.2d 25. The period within which a defendant must be tried is extended when a trial court grants a continuance under these circumstances. See *Pate*, 1996 WL 649145, at *3. The record shows that Denise was properly subpoenaed and that the prosecutor used due diligence to attempt to secure her presence. The court's continuance of appellant's trial from May 26, 2000 to June 9, 2000, due to her absence was reasonable pursuant to R.C. 2945.72(H). See *State v. Matheny* (Mar. 21, 1988), Preble App. No. 87–09-025, unreported, at 6, 1988 WL 34063.

The continuance for Denise's absence extended by fourteen days the time period within which the state was required to try appellant. The speedy trial statute was not violated as a result of this reasonable continuance. The court properly denied appellant's motion to dismiss the charges on speedy-trial grounds. Appellant's first assignment of error is overruled.

Assignment of Error No. 2:

"The court erred in not ordering a mistrial as the prosecution commented in front of the jury regarding whether or not the defendant would take the stand."

Appellant claims in this assignment of error that the prosecutor twice commented upon his decision not to testify, in opening statement and in closing argument. The state responds that neither of the prosecutor's comments referred to appellant's decision not to testify.

Parties are generally granted considerable latitude in presenting opening statements, so long as the matters referred to can be shown by competent or admissible evidence. *Columbus v. Hamilton* (1992), 78 Ohio App.3d 653, 657, 605 N.E.2d 1004, 1006–1007. Parties are also accorded great latitude during opening statements and closing arguments. *State v. Maurer* (1984), 15 Ohio St.3d 239, 269, 15 OBR 379, 404–405, 473 N.E.2d 768, 794–795. However, a prosecutor's comments regarding a defendant's refusal to testify violate the accused's Fifth Amendment right to remain silent. *Griffin v. California* (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. Prosecutors' comments on a defendant's refusal to testify have always been looked upon with extreme disfavor because they raise an inference of guilt from the defendant's decision to remain silent. *State v. Thompson* (1987), 33 Ohio St.3d 1, 14, 514 N.E.2d 407, 419–420. In effect, such comments penalize a defendant for choosing to exercise a constitutional right. *Id.* Prosecutors must therefore take care not to equate the defendant's silence to guilt. *Id.*, citing *State v. Rogers* (1987), 32 Ohio St.3d 70, 512 N.E.2d 581.

■ Here, the prosecutor made two comments of which appellant now complains. In the first comment during opening statement, the prosecutor stated that the jury would hear that appellant had made threats to Officer King. When appellant objected, the prosecutor stated, "Shows his state of mind, your Honor. He's going to be testifying." From the context of this statement, it is clear that the prosecutor was referring to Officer King's testimony, and not to appellant's. This was not a comment about appellant's intention to testify or his failure to do so.

■ The second comment that appellant claims implicated his right to remain silent occurred during the prosecutor's rebuttal closing argument. The prosecutor stated, "He never told anybody he didn't do it. You didn't hear any of that[.]" The prosecution may comment upon the evidence and upon the failure of the defense to offer evidence in support of its case. *State v. Clemons* (1998), 82 Ohio St.3d 438, 452, 696 N.E.2d 1009, 1021–1022. Although admittedly a close call, this comment appears to be fair comment based on the evidence and within the latitude accorded the prosecution during closing argument. Appellant's second assignment of error is overruled.

Assignment of Error No. 3:

"The trial court erred when it ordered defendant–appellant's son removed from the courtroom."

Appellant next claims that the trial court violated his Sixth Amendment right to a public trial when it ordered his son removed from the courtroom during the testimony of Denise, the child's mother. The state responds that the trial court used its power to exclude the public sparingly and acted within its discretion to control the proceedings when it ordered appellant's son removed from the courtroom.

■ The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees the right of the accused to a public trial. *In re Oliver* (1948), 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682. However, the right to a public trial is not absolute and may in very limited circumstances yield to overriding interests. See *United States v. DeLuca* (C.A.1, 1998), 137 F.3d 24, 33, citing *Waller v. Georgia* (1984), 467 U.S. 39, 45, 104 S.Ct. 2210, 2214–2215, 81 L.Ed.2d 31, 37–38. Since the trial judge is responsible for the conduct of a trial, he or she has the discretion to issue reasonable orders excluding spectators in order to protect or to prevent intimidation of a witness. *State v. Bayless* (1976), 48 Ohio St.2d 73, 109, 2 O.O.3d 249, 268–269, 357 N.E.2d 1035, 1057–1058, vacated in part on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155. A reasonable and necessary order to exclude spectators whose presence inhibits a witness is not a denial of the right to a public trial.

*Bayless,* 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035; *State v. Cockshutt* (1989), 59 Ohio App.3d 87, 89, 571 N.E.2d 464, 466–467.

Here, the trial court asked that the child of appellant and Denise, the victim, be removed from the courtroom during Denise's testimony. Denise had interrupted her testimony to ask what her child was doing in the courtroom. The trial court only ordered the child's exclusion from the courtroom when Denise, who had full custody of the child, requested that he be removed. A trial judge has the authority to exercise control over the proceedings. *State v. Sanders* (1998), 130 Ohio App.3d 92, 97, 719 N.E.2d 619, 622. In view of the sensitive nature of the testimony and Denise's directive, the trial court acted appropriately in ordering the child removed to avoid harm to him. The order was an appropriate exercise of the court's inherent power to direct the courtroom proceedings. Appellant's third assignment of error is overruled.

Assignment of Error No. 4:

"The trial court erred when it admitted evidence of a prior conviction of defendant–appellant."

Appellant next contends that the trial court erroneously admitted evidence regarding a prior conviction through the testimony of two witnesses, Denise and Officer King. The state responds that appellant either failed to object or opened the door to Denise's statements, and that Officer King's statement caused appellant no prejudice because appellant had stipulated to his prior domestic violence conviction.

Extrinsic acts may not generally be used to prove the inference that the accused acted in conformity with his other acts or that he has the propensity to act in that manner. *State v. Lane* (1997), 118 Ohio App.3d 230, 234, 692 N.E.2d 634, 636–637, citing *State v. Smith* (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190, 193–194. Accordingly, Evid.R. 404(B) governs the admission of other crimes, wrongs, or acts. It states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Robb* (2000), 88 Ohio St.3d 59, 68, 723 N.E.2d 1019, 1034–1035, quoting *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. Absent an abuse of discretion, as well as a showing that the accused has suffered material prejudice,

an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. *State v. Martin* (1985), 19 Ohio St.3d 122, 129, 19 OBR 330, 336, 483 N.E.2d 1157, 1164. An abuse of discretion is more than a mere error of law or of judgment; it implies an attitude that is unreasonable, unconscionable, or arbitrary. *State v. Adams* (1980), 62 Ohio St.2d 151, 156, 16 O.O.3d 169, 172, 404 N.E.2d 144, 147–148.

 Appellant has failed to show that either Denise's statements referring to his prior prison sentence or Officer King's statement that he had arrested appellant on a prior domestic violence offense resulted in prejudice to him. Indeed, the jury knew that appellant had been convicted of a prior offense of domestic violence. He had been charged with the crime of domestic violence with a prior conviction, and certified records of one of appellant's several prior convictions for domestic violence were admitted into evidence. Not only was the jury aware of these convictions, but the trial court admonished the jury that, when viewing this evidence, it could not consider appellant's previous conviction to prove his character or in order to show he acted in conformity with his character on a previous occasion.

Given the jury's knowledge of his conviction and the trial court's admonishment, we cannot find that the mention of appellant's prior criminal conviction resulted in material prejudice that warrants reversal. We find appellant's fourth assignment of error to be without merit.

Assignment of Error No. 5:

"The trial court erred by not giving defendant–appellant the opportunity to testify and/or by not inquiring with defendant–appellant if he wished to waive his right to testify."

Appellant next argues that, despite his protests, the trial court did not allow him to testify at trial, and that the court did not ask him about his purported disagreement with counsel with respect to the decision not to testify. The state responds that the trial court had no obligation to interfere with appellant's attorney-client relationship by questioning his decision not to testify.

 Generally, a defendant's right to testify is regarded both as a fundamental and a personal right that is waivable only by the accused. *State v. Bey* (1999), 85 Ohio St.3d 487, 499, 709 N.E.2d 484, 497. However, a trial judge is not required *sua sponte* to conduct an inquiry with the defendant concerning the decision whether to testify in his own defense. *Id.* The Ohio Supreme Court noted that such an inquiry may be unnecessary or even harmful, unduly interfering with the attorney-client relationship or causing reassessment of carefully planned trial strategy. *Id.*

Here, appellant was informed that he would have the opportunity to testify, and the trial court allowed him to present his own testimony. After each of appellant's several outbursts during trial, the trial court informed appellant that he could testify as he wished, provided that he was sworn on the witness stand. Moreover, when the state closed its case, the court offered appellant an opportunity to present evidence. Appellant could have testified at that point had he wished to do so; he did not.

Appellant was aware of his right to testify but instead chose to waive it. While appellant's repeated outbursts may have indicated his desire to contradict some of the trial testimony, nothing suggested at that time that he wished to be sworn and testify, or that he and his attorney disagreed about the correct trial strategy to pursue. The trial court informed appellant of his right to testify and afforded him the opportunity to do so. It was not obligated to do more than that. Appellant's fifth assignment of error is overruled.

Assignment of Error No. 6:

"Defendant–appellant's rights were violated as, according to defendant-appellant, counsel apparently did not permit defendant–appellant to testify at trial in his own defense."

In an assignment of error closely related to Assignment of Error No. 5, appellant contends that his attorney rendered ineffective assistance by prohibiting him from testifying at trial. The state responds that appellant suffered no prejudice as a result.

When reviewing appellant's claim of ineffective assistance of counsel, this court engages the two-pronged test enumerated in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. We determine (1) whether counsel's performance fell below an objective standard of reasonable professional competence, *Strickland*, 466 U.S. at 687–688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors prejudiced appellant so as to deprive him of a fair trial. *Strickland*, 466 U.S. at 690–691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695–696.

To show error in counsel's actions, appellant must overcome the strong presumption that licensed attorneys are competent and that the challenged action is the product of sound trial strategy and falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690–691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695–696. Since judicial scrutiny of counsel's performance is highly deferential, reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. *Id.* To show resulting preju-

dice, appellant must establish a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 690–691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695–696.

The decision whether to call a defendant as a witness falls within the purview of trial tactics. See *Lakewood v. Town* (1995), 106 Ohio App.3d 521, 527, 666 N.E.2d 599, 602–603; *State v. Vires* (Sept. 6, 1988), Clinton App. No. 88–02–003, at 8, unreported, 1988 WL 92646. Not only was this a trial tactic, but appellant cannot show prejudice stemming from his attorney's advice not to testify at trial. Indeed, appellant has failed to enumerate any reason why he should have testified at trial. Accordingly, appellant has failed to demonstrate ineffective assistance of counsel on this point. The sixth assignment of error is overruled.

Assignment of Error No. 7:

"The trial court committed many cumulative errors warranting a reversal of defendant–appellant's conviction."

Appellant claims that, even if no individual error compels reversal, the cumulative effect of the errors denied him a fair trial. The state responds that there can be no cumulative effect when there are no errors.

Although a particular error might not constitute prejudicial error in and of itself, a conviction may be reversed if the cumulative effect of the errors deprives the defendant of a fair trial, despite the fact that each error individually does not constitute cause for reversal. *State v. Fears* (1999), 86 Ohio St.3d 329, 348, 715 N.E.2d 136, 154–155; *State v. DeMarco* (1987), 31 Ohio St.3d 191, 196–197, 31 OBR 390, 394–396, 509 N.E.2d 1256, 1260–1262. However, the doctrine of cumulative error is not applicable where the appellant fails to establish multiple instances of harmless error during the course of the trial. *State v. Garner* (1995), 74 Ohio St.3d 49, 64, 656 N.E.2d 623, 637–638.

Here, we have not found multiple instances of harmless error in appellant's trial. Thus, there can be no cumulative effect, and the doctrine does not apply. Appellant's seventh assignment of error is overruled.

Assignment of Error No. 8:

"The trial court erred by overruling defendant–appellant's motion to vacate court-ordered fines and costs in the case *sub judice*."

In his final assignment of error, appellant claims that, when imposing a $2,500 fine and ordering him to pay court costs, the trial court failed to consider his inability to pay, which had been demonstrated by the municipal court judge's finding that he was indigent. The state responds that a consideration of

appellant's ability to pay the fine became relevant only after he had served the incarceration portion of his sentence.[1]

Appellant was convicted of domestic violence with a prior domestic violence conviction, a fifth-degree felony. R.C. 2919.25(D). The trial court imposed appellant's fine as part of his sentence pursuant to R.C. 2929.18(A)(4), which allows the trial court to impose a fine upon a felony offender. For a felony of the fifth degree, of which appellant was convicted, the court may fine the offender "not more than two thousand five hundred dollars." R.C. 2929.18(A)(3)(e).

Under the previous version of R.C. 2929.19(B)(6), a trial court was required to consider an "offender's ability to pay" before imposing a fine. In a case where that statute was implicated, this court found no abuse of discretion in imposing a fine where the trial court considered the offender's *current* ability to pay, since his future ability to pay became relevant only after he served the incarceration portion of his sentence and violated post-release control by failing to pay restitution or fines. *State v. Stevens* (Sept. 21, 1998), Clinton App. No. CA98–01–001, unreported, at 6–7, 1998 WL 640889.

However, the legislature has since amended the statute. The version of R.C. 2929.19(B)(6) under which appellant was fined requires that, before a trial court imposes a financial sanction under R.C. 2929.18, it "shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6); see *State v. Martin* (2000), 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 327–328. While there are no express factors that must be considered or specific findings that must be made, the trial court must at least consider the offender's present and future ability to pay. See *Martin.* The *Martin* court inferred from disclosures made in the appellant's presentence report and appellant's own admissions that the trial court had adequately considered his ability to pay the fine. *Id.*

This court is required to examine the presentence report when reviewing appellant's sentence. R.C. 2953.08(F). In the instant case, however, no presentence report was completed. Further, no evidence was elicited at appellant's sentencing hearing from which the court could have inferred whether he had the ability to pay. On the state of the record before us, we simply cannot find that the trial court considered appellant's current and future ability to pay before it imposed the $2,500 fine. Because the court must comply with the legislature's mandate under R.C. 2929.19(B)(6), we remand with instructions that the trial court consider appellant's present and future ability to pay the fine. To that

---

1. The state does not argue that appellant waived any objection to the fine by failing to offer evidence that he could not pay the fine or by failing to otherwise contest it at his sentencing hearing.

extent, the eighth assignment of error is sustained. In all other respects, the eighth assignment is overruled.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

VALEN and POWELL, JJ., concur.