[Cite as *Toledo v. Deiley*, 2015-Ohio-462.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio/City of Toledo | Court of Appeals No. L-14-1021 |
| Appellee | Trial Court No. CRB-13-07061 |
| v. | |
| Kenneth Deiley | **DECISION AND JUDGMENT** |
| Appellant | Decided: February 6, 2015 |

* * * * *

David Toska, City of Toledo Chief Prosecutor, and Henry Schaefer,
Assistant Prosecutor, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} This is an appeal from a decision of the Toledo Municipal Court, finding appellant, Kenneth Deiley, guilty of assault, and placing him on probation in lieu of a suspended six-month jail sentence. For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On April 30, 2013, a complaint was filed in the Toledo Municipal Court, charging appellant with one count of assault in violation of Toledo Municipal Code 537.03(a), a misdemeanor of the first degree, and one count of disorderly conduct in violation of Toledo Municipal Code 509.03(a)(1), a minor misdemeanor. The charges stemmed from an altercation involving appellant that occurred during the early morning hours of April 30, 2013. At around midnight on that date, Jon Cottrell overheard a group of people yelling outside of his East Toledo home. Upon further investigation, Cottrell determined that a crowd was gathered in the street in front of his house, surrounding appellant's automobile, which was parked in the street. Appellant was inside the vehicle at the time. According to Cottrell, the crowd was unhappy with appellant because he would not leave them alone.

{¶ 3} Eventually, Cottrell reprimanded the crowd, and instructed everyone to disburse. Most of the crowd complied. However, appellant, his girlfriend, Tammy Wahl, and Wahl's "boyfriend for the night," T.J., refused to leave. An argument ensued, culminating in Wahl attempting to strike appellant with a baseball bat while standing on the sidewalk adjacent to Cottrell's property. Fortunately, T.J. stepped in front of Wahl, preventing her from striking Cottrell. Cottrell was then able to retrieve the bat and place it on his porch out of Wahl's reach.

{¶ 4} After the argument concluded, Wahl walked into a nearby alley with T.J. Appellant exited his vehicle, and followed Wahl into the alley, where the two were heard

2.

arguing. As the argument escalated, appellant grabbed Wahl by the shirt collar and arm, and began dragging her towards his vehicle. According to Cottrell, Wahl was "kicking and screaming and yelling at the top of her lungs." In an attempt to prevent Wahl's abduction, Cottrell walked up to the driver's side of appellant's vehicle, reached into the cabin through the open window, and turned the keys into the "off" position, removing them and dropping them on the driver seat.

{¶ 5} At this point, appellant approached Cottrell and demanded his keys. As appellant approached, Cottrell detected an odor of alcohol on appellant's breath. Moreover, prior to disbursing the crowd, Cottrell overheard individuals suggesting that appellant had a firearm in the vehicle. Consequently, Cottrell refused to allow appellant to access his vehicle. Instead, Cottrell informed appellant that he would have to wait for the police to arrive. Upset at Cottrell's refusal to comply with his demand, appellant grabbed Cottrell by the wrist and began trying to twist Cottrell's wrist, asserting that he was a police officer and that Cottrell was under arrest. After grabbing Cottrell's wrist, appellant attempted to enter his vehicle. However, Cottrell shut the door on appellant, pinching him between the door and the body of the vehicle.

{¶ 6} At this time, Wahl approached Cottrell and attempted to choke him and bite him. Cottrell eluded Wahl. However, Wahl lunged back at Cottrell, at which point he hit her in the face, causing her to fall to the ground. In response, appellant punched Cottrell through the open car door window, freeing himself from between the vehicle and the

3.

door. A fight ensued, which was subsequently broken up by police officers when they arrived on the scene.

{¶ 7} Ultimately, appellant was arrested and charged with assault and disorderly conduct. Following a trial to the bench, appellant was found guilty of assault and not guilty of disorderly conduct. The trial court imposed a six-month jail sentence. However, the court ordered the jail sentence suspended, and placed appellant on probation. Appellant's timely notice of appeal followed the trial court's decision.

## B. Assignments of Error

{¶ 8} On appeal, appellant asserts the following assignments of error:

1. The City presented legally insufficient evidence to sustain Appellant's conviction for Assault.

2. Appellant's conviction fell against the manifest weight of the evidence.

3. Appellant received ineffective assistance of counsel.

4. The Trial Court's sentence was contrary to law for being more than the maximum sentence for a misdemeanor of the first degree.

## II. Analysis

### A. Sufficiency of the Evidence

{¶ 9} In his first assignment of error, appellant argues that the city of Toledo failed to introduce sufficient evidence to support his conviction.

**{¶ 10}** When examining the sufficiency of the evidence, we must determine whether the evidence admitted at trial, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.E.2d 560 (1979); *see also State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  Therefore, "[t]he verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), citing *Jenks* at paragraph two of the syllabus.

**{¶ 11}** In this case, appellant was convicted of assault in violation of Toledo Municipal Code 537.03(a), which provides:  "No person shall knowingly cause or attempt to cause physical harm to another."  Appellant does not contest that appellee offered evidence on each of the elements of assault set forth in Toledo Municipal Code 537.03(a).  Rather, appellant asserts that "the evidence from the City's own witness establishes the elements of self-defense."

**{¶ 12}** Relevant to appellant's argument, we have previously stated that "appellate review for sufficiency does not encompass the strength or merits of defenses." *State v. White*, 988 N.E.2d 595, 2013-Ohio-51, ¶ 90 (6th Dist.); *see also State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032 (finding that a review for sufficiency of

the evidence does not apply to affirmative defenses).  Because appellant's argument focuses on the affirmative defense of self-defense, which appellant had the burden of establishing, we find no merit to his contention that appellee failed to offer sufficient evidence to support the conviction.  *See State v. Vasquez*, 10th Dist. Franklin No. 13AP-366, 2014-Ohio-224, ¶ 52 ("Defendant's challenge to the sufficiency of the evidence insofar as it invokes self-defense * * * is inappropriate.").

{¶ 13} Accordingly, appellant's first assignment of error is not well-taken.

### B.  Manifest Weight

{¶ 14} In his second assignment of error, appellant argues that his conviction was against the manifest weight of the evidence.

{¶ 15} When reviewing a manifest weight claim,

> [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.  *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

6.

{¶ 16} Here, appellant asserts that the evidence weighed heavily in his favor in that the elements of self-defense were established by Cottrell's testimony. Appellee, for its part, contends that appellant was the aggressor in this case, citing Cottrell's testimony that appellant was in the process of abducting Wahl when Cottrell intervened.

{¶ 17} Having reviewed the record in this case, we do not find that the elements of self-defense were established by Cottrell's testimony. On the contrary, the record establishes that Cottrell only confronted appellant *after* appellant started dragging Wahl toward his car by the shirt collar and arm. Notably, Wahl was screaming and attempting to free herself at the time. Moreover, appellant initiated the physical altercation when he twisted Cottrell's wrist in an effort "arrest" him. Given the facts of this case, we find that appellant's conviction was not against the manifest weight of the evidence.

{¶ 18} Accordingly, appellant's second assignment of error is not well-taken.

### C. Ineffective Assistance of Counsel

{¶ 19} In appellant's third assignment of error, he argues that his counsel was ineffective for failing to solicit his testimony at trial.

{¶ 20} To support a claim for ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, he must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694.

7.

**{¶ 21}** "The decision whether to call a defendant as a witness falls within the purview of trial tactics." *State v. Adkins*, 144 Ohio App.3d 633, 646, 761 N.E.2d 94 (12th Dist.2001). Even if the wisdom of an approach is debatable, debatable trial tactics do not constitute ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). Moreover, "failure to call a witness will not substantiate a claim for ineffective assistance of counsel unless prejudice is shown." *State v. Beesler*, 11th Dist. No. 2002-A-0001, 2003-Ohio-2815, ¶ 13.

**{¶ 22}** Here, the record before this court contains no indication that trial counsel prohibited appellant from testifying. Indeed, we have stated that a criminal defendant's decision to testify is one for the defendant to make, not trial counsel. *See State v. Turner*, 6th Dist. Wood No. WD-11-025, 2012-Ohio-3863, ¶ 45. While counsel may have encouraged appellant not to testify in this case for strategic reasons, we find no evidence to support a finding that such advice was unreasonable. Further, appellant has failed to demonstrate that the outcome of the proceeding was impacted by his failure to testify. Thus, we find that appellant was not deprived of effective assistance of counsel.

**{¶ 23}** Accordingly, appellant's third assignment of error is not well-taken.

### D. Imposition of Sentence

**{¶ 24}** In his fourth and final assignment of error, appellant contends that the trial court erred in ordering him to serve a six-month jail sentence where the maximum penalty for a misdemeanor of the first degree under R.C. 2929.24(A)(1) is 180 days. Appellee concedes appellant's argument and requests that we remand this action for

8.

resentencing. We disagree with both parties concerning the trial court's imposition of sentence.

{¶ 25} Notably, the relevant statute in this case is not R.C. 2929.24(A)(1), which governs sentencing for misdemeanor violations under the Ohio Revised Code and provides for a maximum jail sentence of 180 days for misdemeanors of the first degree. Here, appellant was found guilty of assault under the Toledo Municipal Code. Penalties for misdemeanors under the Toledo Municipal Code are governed by Toledo Municipal Code 501.99. Under that section, the maximum term of imprisonment for a misdemeanor of the first degree is six months. Thus, the trial court did not err in its imposition of a six-month jail term.

{¶ 26} Accordingly, appellant's fourth assignment of error is not well-taken.

### III. Conclusion

{¶ 27} In light of the foregoing, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

9.

Thomas J. Osowik, J.                   _____
                                                            JUDGE

Stephen A. Yarbrough, P.J.

                                            _____
James D. Jensen, J.                                       JUDGE
CONCUR.

                                              _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.